**NOT FOR PUBLICATION**

FILED

MAY 04 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: BENJAMIN MENJIVAR, | No. 14-60012 |
| Debtor, | BAP No. 12-1608 |
| BENJAMIN MENJIVAR; et al., | MEMORANDUM* |
| Appellants, | |
| v. | |
| WELLS FARGO BANK, N.A., Successor and/or Assignee of World Savings Bank, FSB, its Sucessors and or Assignees, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Pappas, Kurtz, and Ballinger, Jr., Bankruptcy Judges, Presiding

Argued and Submitted February 2, 2016
Pasadena, California

Before: D.W. NELSON, CALLAHAN, and N.R. SMITH, Circuit Judges.

---

      * This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Benjamin and Sara Menjivar appeal from the Bankruptcy Appellate Panel's ("BAP") affirmance of the bankruptcy court's dismissal of their First Amended Complaint ("FAC") for failure to state a claim in an adversary bankruptcy proceeding. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review de novo the BAP's decision, *Boyajian v. New Falls Corp.* (*In re Boyajian*), 564 F.3d 1088, 1090 (9th Cir. 2009), and we AFFIRM.

The BAP did not err in applying California's three-year limitations period for fraud claims, Cal. C. Civ. Proc. § 338(d), to affirm the dismissal with prejudice of the Menjivars' claims seeking to invalidate the note and trust deed against their residence on a theory of fraudulent inducement. *Cf. Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003) (explaining that, where a plaintiff "allege[s] a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of a claim," the claim "is said to be 'grounded in fraud' or to 'sound in fraud'" (citations omitted)).

The Menjivars assert for the first time on appeal that California's limitations period for rescission or unfair business practices claims should be applied to their state law claims. Because these issues are raised for the first time on appeal, and because the Menjivars have not identified any "exceptional circumstances" that would warrant a favorable exercise of our discretion to consider them, we decline

2

to do so. *Mano–Y & M, Ltd. v. Field* (*In re Mortgage Store, Inc.*), 773 F.3d 990, 998 (9th Cir. 2014). The Menjivars have not pled, and have not indicated a willingness or ability to plead, facts sufficient to articulate a cognizable claim for rescission or unfair business practices under California law. As counsel conceded at oral argument, the FAC does not contain the words "rescission" or "rescind," and it nowhere references California Code of Civil Procedure § 337(3) or California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq*. Additionally, the Menjivars never argued before the bankruptcy court or the BAP that their FAC stated rescission or UCL claims.

Because we affirm the dismissal of the Menjivars' claims on other grounds, we do not reach the issue, also raised by the Menjivars for the first time on appeal, of Wells Fargo's ability to assert preemption under the Home Owners' Loan Act, 12 U.S.C. § 1461 *et seq*.

AFFIRMED.